Bethel, Judge, concurring in part and dissenting in part.
While I concur in Divisions 1 and 3 of the majority's opinion, I must respectfully dissent as to Division 2. In Division 2, the majority distinguishes Albany[1] and finds that the trial court wrongly dismissed Holmes's claims for fraud, battery, and negligent misrepresentation because Holmes's allegations clear the relatively low hurdle set for complaints on a motion to dismiss. I do not agree with the majority's interpretation of Albany and would affirm the trial court's dismissal of these claims.
As the majority correctly notes, the Georgia Supreme Court stated in Albany that
neither the common law nor the Code impose a duty upon physicians or any other professional to disclose personal life factors which might adversely affect their professional performance. Hence, the failure to make such disclosure cannot be a basis for either a fraud or battery claim.
272 Ga. at 303 (5), 528 S.E.2d 777.
Despite this broad pronouncement, the majority relies upon dicta in the opinion stating that "obtaining consent for medical treatment by an artifice that is directly related to the subject matter of the professional relationship-i.e.: diagnoses, treatments, procedures-may result in an unlawful touching that supports a battery claim." Id. at 301, 528 S.E.2d 777 (3). I do not find Dr. Lyons's physical limitations to be "directly related to the subject matter of the professional relationship-i.e.: diagnoses, treatments, [or] procedures[.]" Thus, I believe Holmes is barred from asserting independent causes of action based on Dr. Lyons's failure to disclose those physical limitations.

272 Ga. 296, 528 S.E.2d 777 (2000).